# EXHIBIT 1

LAWRENCE N. LAVIGNE, ESQ. (005581982)
LAWRENCE N. LAVIGNE, ESQ. L.L.C.
2444 Morris Avenue, Suite 206
Union, NJ 07083
Tel: (908) 687-7750
Fax: (908) 687-7752
Attorneys for Plaintiff

| | | |
|---|---|---|
| RONTEZ MILES. | ) | Superior Court of New Jersey |
| Plaintiff, | ) | Law Division |
| | ) | Morris County |
| v. | ) | Docket No: MRS-.L-1770-19 |
| | ) | |
| THE NATIONAL FOOTBALL | ) | |
| LEAGUE and John Does 1-5 | ) | |
| Defendants | ) | |
| | ) | |

**FROM THE STATE OF NEW JERSEY, TO THE DEFENDANT(S) NAMED ABOVE:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A $110.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

August 20, 2019

*Michelle M. Smith*
Michelle M. Smith, Clerk


Name of Defendant to be Served:     National Football League
Address for Service:                345 Park Avenue
                                     New York, New York 10154

| COUNTY | ADDRESS | LAWYER REFERRAL | LEGAL SERVICES |
|---|---|---|---|
| Atlantic | Atlantic Cty. Civil Courthouse<br>1201 Bacharach Blvd., 1st Fl.<br>Atlantic City, NJ 08401 | (609) 345-3444 | (609) 348-4200 |
| Bergen | Justice Center<br>10 Main Street, Room 121<br>Hackensack, NJ 07601-0769 | (201) 488-0044 | (201) 487-2166 |
| Burlington | Court Complex<br>First Floor<br>49 Rancocas Road<br>Mt. Holly, NJ 08060 | (609) 261-4862 | (609) 261-1088 |
| Camden | Hall of Justice<br>101 S. Fifth Street<br>Suite 150<br>Camden, NJ 08103 | (856) 964-4520 | (856) 964-2010 |
| Cape May | Law Division:<br>Cape May Court House<br>9 N. Main Street<br>Cape May, NJ 08210 | (609) 463-0313 | (609) 465-3001 |
| Cumberland | Court House<br>Direct Filing<br>Broad & Fayette Streets<br>P.O. Box 615<br>Bridgeton, NJ 08302 | (856) 692-6207 | (856) 451-0003 |
| Essex | 113 Essex County Courts Bldg<br>50 W. Market Street<br>Newark, NJ 07102 | (973) 622-7753 | (973) 824-3000 |
| Gloucester | Court House<br>First Floor<br>1 North Broad Street<br>P.O. Box 881<br>Woodbury, NJ 08096<br><br>(856) 853-3250 | (856) 848-4589 | (856) 848-5360 |
| Hudson | 595 Newark Avenue<br>Jersey City, NJ 07306 | (201) 798-2727 | (201) 792-6363 |
| Hunterdon | County Justice Center<br>65 Park Avenue<br>P.O. Box 728<br>Flemington, NJ 08822 | (908) 735-2611 | (908) 782-7979 |
| Mercer | 175 S. Broad Street<br>2nd Floor,<br>P.O. Box 8068<br>Trenton, NJ 08650-0068 | (609) 585-6200 | (609) 695-6249 |

| | | | |
|---|---|---|---|
| Middlesex | Law Division – Courthouse<br>1 JFK Square<br>P.O. Box 964<br>New Brunswick, NJ 08903-0964 | (732) 828-0053 | (732) 249-7600 |
| Monmouth | Court House<br>71 Monument Park<br>P.O. Box 1260<br>Freehold, NJ 07728-1260 | (732) 431-5544 | (732) 866-0022 |
| Morris | Mail:  P.O. Box 910<br>Washington & Court Streets<br>Morristown, NJ 07963-0910 | (973) 267-5882 | (973) 285-6911 |
| Ocean | 118 Washington Street<br>P.O. Box 2191<br>Toms River, NJ 08754 | (732) 240-3666 | (732) 341-2727 |
| Passaic | Court House<br>77 Hamilton Street<br>Paterson, NJ 07505 | (973) 278-9223 | (973) 345-7171 |
| Salem | 92 Market Street<br>P.O. Box 29<br>Salem, NJ 08079 | (856) 935-5629 | (856) 964-2010 |
| Somerset | 20 N. Bridge Street, 3rd Floor<br>P.O. Box 3000<br>Somerville, NJ 08876 | (908) 685-2323 | (908) 231-0840 |
| Sussex | Susex County Judicial Center<br>43-47 High Street<br>Newton, NJ 07860 | (973) 383-7400 | |
| Union | 2 Broad Street<br>Elizabeth, NJ 07207-6099 | (908) 353-4715 | (908) 354-4340 |
| Warren | Court House<br>413 Second Street<br>Belvidere, NJ 07823 | | (908) 475-2010 |

Lawrence N. Lavigne, Esq. (005581982)
**LAWRENCE N. LAVIGNE, ESQ. LLC**
2444 Morris Avenue, Suite 206
Union, New Jersey 07083
(908) 687-7750
Attorneys for Plaintiff

| | | |
|---|---|---|
| RONTEZ MILES, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION – MORRIS COUNTY |
| Plaintiff, | : | DOCKET NO. |
| | : | |
| v. | : | Civil Action |
| | : | |
| THE NATIONAL FOOTBALL LEAGUE | : | **COMPLAINT AND JURY DEMAND** |
| and JOHN DOES 1-5, | : | |
| | : | |
| Defendants | : | |

Rontez Miles residing in Morristown, New Jersey complains of the Defendant and says:

## PRELIMINARY STATEMENT

Plaintiff Rontez Miles brings this action under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. against Defendant on the grounds that it discriminated against him on the basis of his disability.

## FACTS COMMON TO ALL COUNTS

1.      At all relevant times hereto, Plaintiff Rontez Miles was a professional football player signed by the New York Jets.

2.      At all relevant times hereto, the New York Jets were part of the National Football League ("NFL") and had its facility in Florham Park, New Jersey and plays its home games in a stadium located in New Jersey.

3.      At all relevant times hereto, the NFL is/was a professional football league consisting of 32 teams.

4.      At all relevant times hereto, the NFL conducted business in the State of New Jersey

including the County of Morris. Hence jurisdiction and venue is properly laid in this court.

5.      At all relevant times hereto, the NFL promulgated rules, regulations, policies and procedures controlling most aspects of conduct of business of said 32 teams, their players and staff among other things.

6.      At all relevant times hereto, Defendants John Does 1-5 were employees or agents of the NFL including, but not limited to, referees and line judges whose identities are presently unknown to Plaintiff.

7.      At all relevant times hereto, Plaintiff Rontez Miles was a member of the National Football League Players Association ("NFLPA").

8.      At all relevant times, Plaintiff Rontez Miles employment was in accordance with a collective bargaining agreement between the NFL and the NFLPA.

9.      The NFL has promulgated numerous rules, regulations, policies and procedures which players such as Plaintiff Rontez Miles are required to follow in order to play football in the NFL.

10.     The NFL exerts direction and control over NFL football players' professional activities.

11.     Such control includes but is not limited to uniforms and equipment that players are permitted to use.

12.     At all relevant times hereto, the NFL, along with the New York Jets, acted as Rontez Miles' employer.

13.     At all relevant times hereto, Plaintiff Rontez Miles suffered from a medical condition known as Alopecia Areata.

14.     One manifestation of Alopecia Areata is photosensitivity or photophobia.

15.     At all relevant times hereto, Plaintiff suffered from ocular photosensitivity and/or photophobia caused by Alopecia Areata.

16.     In order to reduce the effects of ocular photosensitivity or photophobia, Plaintiff Rontez Miles required and requires the use of a protective shield to be used in conjunction with his helmet and face guard.

17.     Plaintiff has been using a protective shield on his helmet to protect his eyes his entire football career.

18.     At all relevant times hereto, the New York Jets permitted Plaintiff Rontez Miles to utilize the protective shield on his helmet while practicing or playing football.

19.     On August 19, 2017, just prior to a pre-season game against the Detroit Lions, Plaintiff had his helmet with the protective shield.

20.     Just prior to Plaintiff playing is the aforesaid game, John Doe 1, an official of the NFL, upon information and belief, a line judge, demanded that Plaintiff remove the shield, or he would not be permitted to play in that game.

21.     At all relevant times hereto, John Doe 1 was empowered by the NFL to direct Plaintiff to remove the shield or bar him from playing.

22.     John Doe 1 was advised by Plaintiff and others of Plaintiff's medical condition and the need to wear the protective shield.

23.     Notwithstanding John Doe 1's clear knowledge of Plaintiff's medical condition and need to wear the protective shield, John Doe 1 demanded that Plaintiff remove the shield or not play in the game.

24.     The aforesaid medical condition constituted a disability.

25.     Plaintiff sought a reasonable accommodation i.e. the use of the protective shield in order for him to perform the requirements of his job.

26.     The NFL through its official denied Plaintiff a reasonable accommodation.

27.    In compliance with the John Doe 1's instruction, Plaintiff removed the shield and played without it.

28.    During a play in the game, due to the lack of protection from the bright sun, Plaintiff did not see an opposing player approach, and hence, was unable to take defensive maneuvers.

29.    The opposing player made contact with Plaintiff's face causing severe and significant injury.

30.    As a result of the contact aforesaid, Plaintiff suffered a broken orbital bone of the right eye in two places.

31.    The aforesaid injury would not have occurred but for the NFL official's _____

32.    As a result of the broken orbital bone, Plaintiff was caused to undergo surgery.

33.    As a result of the broken orbital bone, Plaintiff was caused to experience severe pain and suffering which is continuous and on-going.

34.    As a result of the broken orbital bone Plaintiff was caused to miss playing several games.

35.    Upon information and belief, as a result of the broken orbital bone, Plaintiff's career was uncertain and possibly placed in jeopardy.

36.    As a result of the broken orbital bone, Plaintiff has suffered other damages.

## COUNT ONE

37.    Plaintiff repeats the allegations contained in paragraphs 1-36 as if each were repeated and replead herein at length.

38.    At all relevant times hereto, the NFL, in conjunction with the New York Jets, was Plaintiff's employer as that term is defined in N.J.S.A. 10:5-1 *et. seq.* the New Jersey Law Against Discrimination ("LAD").

39.    Plaintiff's medical condition constitutes a disability under the LAD.

40.     LAD prohibits, discrimination based on one's disability (among other protected classes).

41.     This discrimination would not have occurred but for Plaintiff's disability.

42.     The above-described actions constitute unlawful employment actions in violation of LAD including, inter alia, N.J.S.A. § 10:5-12a.

43.     As a direct and proximate result of Defendants' violations of the LAD, Plaintiff suffered injury including but not limited to severe personal injury, emotional distress and economic/pecuniary injuries.

        **WHEREFORE,** Plaintiff demands that a judgment be entered against Defendants awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1; and iii) such other relief as this Court deems just and proper.

## COUNT TWO

44.     Plaintiff repeats the allegations contained in paragraphs 1-43 as if each were repeated and replead herein at length.

45.     Plaintiff sought a reasonable accommodation for his disability in order to perform the duties of his employment.

46.     Defendant failed to engage in the required interactive process.

47.     Defendant failed to provide a reasonable accommodation to Plaintiff so that he could perform the duties of his employment in violation of the LAD and 42 U.S.C. §12101 *et seq.*, Americans With Disabilities Act ("ADA")

48.     As a direct and proximate result of Defendants' violations of the LAD and the ADA, Plaintiff suffered injury including but not limited to severe personal injury, emotional distress and economic/pecuniary injuries.

        **WHEREFORE,** Plaintiff demands that a judgment be entered against Defendants awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses

pursuant to N.J.S.A. § 10:5-27.1 and 42 U.S.C. §12101 *et seq.*; and iii) such other relief as this Court deems just and proper.

## COUNT THREE

49.     Plaintiff repeats the allegations contained in paragraphs 1-48 as if each were repeated and replead herein at length.

50.     The NFL through the malfeasance or misfeasance of John Doe 1 of John Does 3-5 breached its duty of care owed to Plaintiff to help him avoid injury while playing football.

51.     As a result of the aforesaid breach of duty, Plaintiff suffered severe and permanent personal injuries.

52.     The aforesaid breach of duty was a proximate cause of Plaintiff's personal injuries.

53.     The acts of Defendant were substantially certain to result in injury to Plaintiff.

54.     Defendant cannot claim the bar of the Worker's Compensation Act as a defense to Plaintiff's claims in this count.

55.     The NFL is liable to Plaintiff for its negligence.

56.     The NFL is liable to Plaintiff for the negligence of John Does 1-5 on a theory of *respondeat superior*.

WHEREFORE, Plaintiff demands that a judgment be entered against Defendants awarding i) compensatory damages; ii) reasonable attorney's fees and expenses and iii) such other relief as this Court deems just and proper.

## NOTICE PURSUANT TO RULES 1:5-1(a) & 4:17-4(c)

**PLEASE TAKE NOTICE** that the undersigned attorneys, counsel for this Plaintiff, do hereby demand, pursuant to <u>Rules</u> 1:5-1(a) and 4:17-4(c) that each party herein serving pleadings and interrogatories and receiving answers thereto serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other material referred to therein, upon the undersigned attorney.  This is a continuing demand.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a trial by a jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to <u>R.</u> 4:25-4, Lawrence N. Lavigne, Esq. is hereby designated as trial counsel in the within captioned matter.

## CERTIFICATION

I hereby certify pursuant to <u>R.</u> 4:5-1 that, to my present knowledge, the matter in controversy is the not the subject of any other action.    I further certify that, to my present knowledge, no other party should be joined in the within action at this time, however, we is still reviewing this matter to determine if additional parties should be joined.    This is to further certify that the within pleading has been served within the time provided by the Rules governing the Courts of the State of New Jersey.

## CERTIFICATION OF OTHER MATTERS

None.

LAWRENCE N. LAVIGNE, ESQ. L.L.C.
Attorneys for Plaintiff

By: *Lawrence N. Lavigne*
LAWRENCE N. LAVIGNE
Dated:  August 19, 2019

# Civil Case Information Statement

## Case Details: MORRIS | Civil Part Docket# L-001770-19

**Case Caption:** MILES RONTEZ VS NATIONAL FOOTBALL LE AGUE

**Case Initiation Date:** 08/19/2019

**Attorney Name:** LAWRENCE N LAVIGNE

**Firm Name:** LAWRENCE N LAVIGNE ESQ LLC

**Address:** 2444 MORRIS AVE STE 206

UNION NJ 070835918

**Phone:** 9086877750

**Name of Party:** PLAINTIFF : Miles, Rontez

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
        **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO        **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/19/2019
Dated

/s/ LAWRENCE N LAVIGNE
Signed

MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN        NJ 07960

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 656-4100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   AUGUST 19, 2019
                    RE:     MILES RONTEZ VS NATIONAL FOOTBALL LEAGUE
                    DOCKET: MRS L -001770 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON STUART A. MINKOWITZ

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (973) 656-4106.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: LAWRENCE N. LAVIGNE
                              LAWRENCE N LAVIGNE ESQ LLC
                              2444 MORRIS AVE STE 206
                              UNION           NJ 07083-5918

JUXKNO0