# LAWRENCE N. LAVIGNE, ESQ., L.L.C.

2444 Morris Avenue, Suite 206
Union, New Jersey 07083
Telephone (908) 687-7750
Telefax (908) 687-7752
E-Mail: Larry@LNLavigneLaw.com
Website: LNLavigneLaw.com

Lawrence N. Lavigne*
Admitted in N.J. & N.Y.

Jignesh J. Shah
Of Counsel

*Certified by the New Jersey
Supreme Court as a
Civil Trial Attorney

August 25, 2020

*Via e-filing*
Hon. Julien Xavier Neals, U.S.D.J
MLK Jr. Federal Bldg. & U.S Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    Rontez Miles v National Football League
             Civ Action No. 2:19-cv-18327 (CCC-MF)

Dear Judge Neals:

    The undersigned represents Plaintiff Rontez Miles ("Miles" or "Plaintiff") in the above-referenced matter. Please accept this letter in lieu of a more formal brief supplementing Plaintiff's opposition to Defendant, National Football League's ("NFL" or "Defendant") motion to dismiss Plaintiff's Complaint. We thank Your Honor for allowing us to submit this supplement.

    Plaintiff files this supplement because during the pendency of the motion, Plaintiff learned certain facts that are critical to his claims in this lawsuit, and which directly impact Defendant's pre-emption arguments.[1] Additionally, the New Jersey Supreme Court recently rendered a decision in *Richter v. Oakland Board of Education*, 246 N.J. 507 (2021)[2] that directly impacts many of Defendant's additional arguments in this motion.

    First, Plaintiff recently learned that every year beginning in 2014, the New York Jets

---

[1] It should be noted that there has been no discovery in this case. Had Plaintiff known these facts at the time of the pleading he would have included them in the Complaint. If the Court requires, Plaintiff is willing to file an amended complaint to include these facts.
[2] Plaintiff cited the Appellate Division decision in *Richter* in his previous submissions.

Monmouth County Office: 710 Tennent Road, Suite 101 • Manalapan, NJ 07726

LAWRENCE N. LAVIGNE, ESQ., L.L.C.

("Jets") requested the NFL's authorization for him to wear a protective eye shield due to his medical condition.[3] The request each year was supported by the Jets' ophthalmologist's examination and recommendations. As a result of the ophthalmologist's opinion that Plaintiff required a protective eye shield due to Plaintiff's alopecia, the NFL approved the request every year, including the 2017-2018 season. Unfortunately for Plaintiff, that season, the NFL approved the request four (4) days after the first preseason game in which Plaintiff was seriously injured and which forms the basis of this lawsuit. At the commencement of that that game, the NFL's equipment judge refused to allow Plaintiff to wear the medically required shield even though he had always worn it. Thus, whether Plaintiff's request to wear an eye shield that day complied with the NFL's Official Playing Rules is moot. The NFL had approved it each season that Plaintiff played in the NFL and did so for the season in question, *albeit* late. Given these facts, the language of the Collective Bargaining Agreement ("CBA") is completely irrelevant. It simply does not need to be interpreted. Hence Plaintiff's claims cannot be preempted by §301 of the Labor Management Relations Act ("LMRA") and the NFL's motion must be denied.

Secondly, the New Jersey Supreme Court issued a much-awaited decision in *Richter* holding that a plaintiff need not show an adverse employment action to establish a prima facie case of failure to accommodate under New Jersey's Law Against Discrimination ("LAD"). In *Richter*, the plaintiff, a teacher, was a Type-1 diabetic. During the pertinent school year, the defendant assigned her certain duties during her usual lunch time, which meant she could not begin her lunch break until 1:05 PM. Fearful that her blood sugar would run dangerously low, she requested an accommodation, *i.e.*, an earlier lunch break. Initially the school granted the accommodation but for the school year in question, the school suddenly denied the accommodation. Subsequently, plaintiff fainted and hit her head on a table and the floor, causing serious personal injury including

---

[3] The approval for the use of the eye shield was provided to the Jets and not to Plaintiff.

excessive bleeding requiring hospitalization.

As in the present case, the defendant argued that plaintiff had failed to allege that she suffered an adverse employment action due to the lack of accommodation. Likewise, the defendant argued that plaintiff's personal injury claims were barred by the exclusivity provision of the New Jersey Workers Compensation Act.

The Court began its analysis by noting that under *N.J.A.C.* 13:13-2.5(b), "'unless it would impose an undue hardship on the operation of the business' an employer must 'make a reasonable accommodation to the limitation of an employee…who is a person with a disability.'" 246 N.J. at 524 (quoting *Potente v. County of Hudson*, 187 N.J. 103, 110) (2006)). Then, the Court posed the following rhetorical question:

> Given that employers have an affirmative obligation to make reasonable accommodation, why should people who have requested but not received a reasonable accommodation from an employer have to wait for an adverse employment action to follow the employer's denial or inaction -- or refusal to even engage in an interactive dialogue about the request -- in order to bring a complaint to compel the employer to fulfill its affirmative obligation under the regulatory scheme?
>
> …
>
> The wrongful act for purposes of a failure-to-accommodate claim is the employer's failure to perform its duty, not a further adverse employment action that the employee must suffer. The persevering employee trying to make do without a reasonable accommodation is not remediless, and a callous employer may not escape LAD liability for failing to perform its required duty to provide accommodation simply by declining to fire, demote, or take another form of adverse action against the employee.
>
> *Id.* at 530-31.

Accordingly, the Court held that an employer's "inaction, silence, or inadequate response to a reasonable accommodation request is an omission that can give rise to a cause of action." *Id.*

**LAWRENCE N. LAVIGNE, ESQ., L.L.C.**

at 531.

Likewise, here, the NFL had a duty to accommodate Miles' disability. It had done so for each of the previous three seasons that Miles played in the NFL and again, four (4) days after refusing to accommodate for the game in question. Yet, the NFL seeks to escape liability by contending that it did not take an adverse employment action against Miles by merely refusing to accommodate his disability. This callous argument is one the NFL can no longer make under *Richter*.

Additionally, the New Jersey Supreme Court held that the Worker's Compensation Act's exclusive remedy limitation does not attach to a plaintiff's Law Against Discrimination claims.

Plaintiff reiterates that in regard to the personal injury element of his claims, he has properly pled that the acts/omissions of the NFL made it substantially certain that Plaintiff would suffer personal injury. *See Laidlow v Hariton Mach. Co.*, 170 N.J. 602 (2002). Hence Defendant's arguments that this matter be dismissed on the pleadings fails.

For the foregoing reasons and those stated in his opposition brief, Plaintiff submits that Defendant's motion be denied in its entirety.

Your Honor's consideration is greatly appreciated.

Respectfully submitted,

Lawrence N. Lavigne
Jignesh J. Shah

CC: Richard Hernandez, Esq via e-filing