# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONTEZ MILES,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE NATIONAL FOOTBALL LEAGUE<br>and JOHN DOES 1-5, JOHN DOES 6-10<br><br>　　　　　　　Defendants. | **Civil Action No. 2:19-cv-18327-JXN-MF**<br><br>JUDGE JULIEN XAVIER NEALS<br>JUDGE MARK FALK<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>Motion Day: October 19, 2020 |

## DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS THE AMENDED COMPLAINT

Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 848-8615

Stacey R. Eisenstein (*Pro Hac Vice*)
Nathan J. Oleson (*Pro Hac Vice*)
Elizabeth England (*Pro Hac Vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K Street, NW
Telephone: (202) 887-4000

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 2

ARGUMENT ............................................................................................................................. 4

    I.    Plaintiff's Request To Introduce "New" Evidence In Opposition To The NFL's Motion To Dismiss Should Be Denied. ........................................................................... 4

    II.   The "New" Evidence Confirms That Plaintiff's Claims Must Be Dismissed. ................... 7

    III.  The New Jersey Supreme Court's Decision in *Richter* Does Not Save Plaintiff's Claims. ............................................................................................................ 9

CONCLUSION ........................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cureton v. NCAA*,
    252 F.3d 267 (3d Cir. 2001)..................................................................................................6, 7

*Donald J. Trump for President, Inc. v. Sec'y Pennsylvania*,
    830 F. App'x 377 (3d Cir. 2020) ...............................................................................................6

*Evans v. Ariz. Cardinals Football Club, LLC*,
    262 F. Supp. 3d 935 (N.D. Cal. 2017) .......................................................................................9

*Fitzgerald v. Shore Mem'l Hosp.*,
    92 F. Supp. 3d 214 (D.N.J. 2015) ........................................................................................8, 10

*Foster v. Jet Aviation Flight Servs., Inc.*,
    No. CV 18-15767 (WJM), 2021 WL 651198 (D.N.J. Feb. 19, 2021) .......................................7

*Great W. Mining & Min. Co. v. Fox Rothschild LLP*,
    615 F.3d 159 (3d Cir. 2010)......................................................................................................5

*Jablonski v. Pan Am. World Airways, Inc.*,
    863 F.2d 289 (3d Cir. 1988).......................................................................................................7

*Lorenz v. CSX Corp.*,
    1 F.3d 1406 (3d Cir. 1993).........................................................................................................6

*Ocean City Exp. Co., Inc. v. Atlas Van Lines, Inc.*,
    No. CIV. 13-1467 JBS/KMW, 2013 WL 3873235 (D.N.J. July 25, 2013)..............................5

*Richter v. Oakland Board of Education*,
    246 N.J. 507 (2021) ......................................................................................................2, 4, 9, 10

*Rolo v. City Investing Co. Liquidating Trust*,
    155 F.3d 644 (3d Cir. 1998)...................................................................................................6, 7

*Shorter v. Quality Carrier*,
    No. CIV. 14-4906 RBK/JS, 2014 WL 7177330 (D.N.J. Dec. 16, 2014)..................................5

**INTRODUCTION**

Plaintiff originally filed this action in August 2019. Shortly thereafter, the National Football League ("NFL") moved to dismiss Plaintiff's Complaint. *See* ECF No. 4. Plaintiff responded by seeking to introduce new facts in his opposition brief, ECF No. 15, leading the Court to administratively terminate the motion and allow Plaintiff to file an amended complaint. *See* ECF No. 21. The NFL filed a second motion to dismiss the Amended Complaint ("Motion"), which was fully briefed on October 13, 2020. *See* ECF Nos. 26, 30, 32. Now, nearly a year later—and four years after the events giving rise to his claims occurred—Plaintiff once again asks the Court to consider "newly" discovered facts along with a New Jersey Supreme Court ruling affirming an appellate court decision fully addressed by the parties in their briefing on the NFL's Motion.

Plaintiff's transparent effort to further delay consideration of the NFL's Motion should be rejected. Apart from Plaintiff's failure to follow the rules for seeking leave to file a second amended complaint, Plaintiff's "newly discovered" evidence in fact largely mirrors existing allegations in Plaintiff's Amended Complaint. Plaintiff provides no explanation why this alleged evidence, with even minimal diligence, could not have been included in Plaintiff's original complaint, much less his Amended Complaint. Given Plaintiff's undue delay, Plaintiff's request that the Court consider this "new" evidence in ruling on the Motion should be denied.

In any case, Plaintiff's belated allegations merely confirm that Plaintiff's claims should be dismissed. Indeed, far from undermining the NFL's arguments in support of dismissal based on preemption under the Labor Management Relations Act ("LMRA"), Plaintiff's "new" allegations—which detail the process and respective roles of the NFL, players, and NFL Clubs in seeking modifications to the equipment rules—underscore that Plaintiff's claims cannot be

decided without construing the NFL CBA and its incorporated rules governing players' use of protective eye shields.

Plaintiff's arguments based on the New Jersey Supreme Court's June 8, 2021 decision in *Richter v. Oakland Board of Education*, 246 N.J. 507 (2021), all of which were previously raised in his opposition to the NFL's Motion, also cannot save Plaintiff's claims. *Richter* does not alter the fact that Plaintiff's Amended Complaint should be dismissed in its entirety for the reasons set forth in detail in the NFL's Motion.

For these reasons, the NFL's Motion to Dismiss should be granted.

## BACKGROUND

Plaintiff is a professional football player formerly employed by the New York Jets (the "Jets"), one of the 32 Clubs in the NFL. Am. Compl. (ECF No. 22) ¶¶ 3, 5, 7-8, 12. Plaintiff, the Jets, and the NFL are bound by a collective bargaining agreement ("CBA") governing the terms and conditions of employment of all NFL players. *Id.* ¶ 8. The CBA requires all NFL players and Clubs to follow the rules promulgated by the NFL concerning the operation of the game. *See* Am. Compl. ¶¶ 5, 9. Relevant here, the Official Playing Rules specifically address the type of equipment, including eye shields, that players may wear during games, as well as the procedures that players must follow to obtain approval to use such equipment. *See* 2017 Official Playing Rules of the NFL, Rule § 4, Art. 3 [Exhibit 1 to the Declaration of Lawrence P. Ferazani, Jr. (ECF No. 4-2)]).[1]

Plaintiff alleges that he suffers from alopecia areata, which causes photosensitivity and requires that he wear a protective face shield while playing football. Am. Compl. ¶¶ 13-15, 41. Plaintiff claims that his condition constitutes a "disability" and that he sought a "reasonable

---

[1] A detailed summary of the CBA provisions relevant to Plaintiff's claims is set forth in the NFL's Motion.

2

accommodation" (the use of the protective shield) to enable him to "perform the requirements of his job." *Id.* ¶¶ 42-43.  Plaintiff claims that an NFL equipment judge refused to permit him to wear the shield in an August 19, 2017 preseason game, and, due to lack of protection from the stadium lights, he collided with an opposing player and sustained a broken orbital bone.  *Id.* ¶¶ 35-36, 45-46.

Two years after his injury, Plaintiff filed this action in state court asserting claims for disability discrimination under the New Jersey Law Against Discrimination ("LAD"), failure to provide a reasonable accommodation under the LAD and the Americans with Disabilities Act ("ADA"), and negligence.  *See* Compl. (ECF No. 1-1).  The NFL timely removed the case to this Court and moved to dismiss Plaintiff's Complaint in its entirety.  *See* ECF Nos. 1, 4.  In his Opposition to the NFL's Motion to Dismiss, Plaintiff sought leave to amend his Complaint because it was filed under the more lenient state court notice pleading standard and because additional "relevant" facts had come to light after he filed his Complaint.  *See* ECF No. 15 at 1.  Plaintiff incorporated some of these "new facts" into his Opposition "by way of illustration," but noted that they were "not exhaustive of additional facts which may be added in a future pleading."  *Id.* at 1, 6 n.3.  Based on Plaintiff's representations, the Court administratively terminated the NFL's motion and granted Plaintiff leave to amend his complaint.  ECF No. 21.

Plaintiff filed an Amended Complaint on June 23, 2020, *see* ECF No. 22, and the NFL again moved to dismiss the Amended Complaint on three separate grounds: (1) Plaintiff's state law claims are preempted by the LMRA because their resolution requires the Court to interpret the CBA and the incorporated rules governing players' use of protective eye shields; (2) Plaintiff's state law claims are barred by the New Jersey Workers' Compensation Act ("WCA") and do not fall within the narrow "intentional wrong" exception; and (3) Plaintiff failed to plead facts necessary to support a claim for disability discrimination.  *See* Motion (ECF No. 26).

3

After the Motion was fully briefed, *see* ECF Nos. 26, 30, 32, this Court referred the parties to mediation. On August 16, 2021, the parties engaged in mediation but were unable to reach a resolution. The NFL notified the Court that the mediation had terminated without resolution and asked the Court to restore the Motion to active consideration. ECF No. 35. In response, Plaintiff filed a letter with the Court asking for permission to file a supplemental brief in opposition to the NFL's Motion based on the New Jersey Supreme Court's decision in *Richter* and "a significant body of evidence" that Plaintiff had purportedly obtained since he filed his Opposition on September 22, 2020. ECF No. 36.

## ARGUMENT

Plaintiff's belated request to introduce "new" allegations (which are largely redundant of facts pled in his Amended Complaint) is procedurally improper and should be rejected. Moreover, Plaintiff's new allegations simply prove that his claims should be dismissed as preempted by the LMRA and barred by the WCA and because Plaintiff fails to state a claim under any of his theories of discrimination. Plaintiff's reliance on *Richter v. Oakland Board of Education*, 246 N.J. 507 (2021), which merely upheld the appellate court decision fully addressed by the parties in their briefing on the Motion, similarly fails to save Plaintiff's claims.

### I.  Plaintiff's Request To Introduce "New" Evidence In Opposition To The NFL's Motion To Dismiss Should Be Denied.

Plaintiff's effort to salvage his claims by introducing "new" factual allegations is both improper and futile. As a threshold matter, Plaintiff's "new" facts are not actually new. Plaintiff states that he "recently learned" that each year since 2014, the Jets requested the NFL's authorization for Plaintiff to wear a protective eye shield due to his medical condition, and that the NFL approved the request every year based on the Jets' ophthalmologist's examination and recommendations. Pl.'s Suppl. Opp'n (ECF No. 39) at 1-2. Plaintiff further states that the NFL

approved the request for the 2017-2018 season four days after the August 19, 2017 preseason game in which an equipment judge did not permit Plaintiff to play with a shield. *Id.* Apart from the fact that these allegations directly undermine any suggestion of discrimination, Plaintiff essentially makes the same allegations in his Amended Complaint. *See, e.g.,* Am. Compl. (ECF No. 22) ¶¶ 17-19 (alleging that the Jets were aware of his alopecia and photosensitivity and he underwent annual examinations that addressed his ocular history; ¶¶ 20-30 (alleging that the NFL knew of Plaintiff's condition and need for a protective shield; ¶ 31 (alleging that the NFL permitted Plaintiff to use a protective shield at all times prior to August 19, 2017). Plaintiff provides no basis for amending his complaint a second time merely to assert allegations virtually identical to existing allegations in his complaint.

      In any case, even if these facts were somehow newly discovered—four years after the events giving rise to Plaintiff's claims—Plaintiff should not be permitted to introduce them now, after Defendant's Motion to Dismiss has been pending for over a year. For starters, this is the second time Plaintiff has ignored the Court's rules on amending pleadings by inserting factual allegations in his opposition to the NFL's motion dismiss. It is well-established that a court may not rely on facts not included in the Complaint in ruling on a motion to dismiss. *See Shorter v. Quality Carrier*, No. CIV. 14-4906 RBK/JS, 2014 WL 7177330, at *3 (D.N.J. Dec. 16, 2014). Rather, the appropriate mechanism for curing pleading deficiencies is to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). *Ocean City Exp. Co., Inc. v. Atlas Van Lines, Inc.*, No. CIV. 13-1467 JBS/KMW, 2013 WL 3873235, at *3 (D.N.J. July 25, 2013). Because Plaintiff has not complied with the rules, his "new" allegations should be disregarded for this reason alone.

      Nor should Plaintiff be permitted to amend his Complaint a second time. Leave to amend a pleading should be denied where there is "undue delay," or "futility." *Great W. Mining & Min.*

5

*Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010).  Denial of leave to amend is particularly appropriate where, as here, Plaintiff provides no explanation for his failure to assert these "new" allegations in either his original or amended complaint.  Indeed, courts routinely deny requests to amend complaints under similar circumstances.  *See, e.g.*, *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (district court did not abuse its discretion by denying leave to amend where the motion was filed three years after initial complaint, the information relied on to support the amended complaint was known over two years earlier, and no justification for the delay was shown); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998) (rejecting the plaintiffs' proposed Second Amended Complaint on grounds that the plaintiffs were simply re-pleading allegations that could have and should have been asserted earlier); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993) (district court did not abuse its discretion by denying leave to amend where "new" factual allegations would not have saved plaintiff's claims and plaintiff had numerous earlier opportunities to correct any pleading deficiencies); *Donald J. Trump for President, Inc. v. Sec'y Pennsylvania*, 830 F. App'x 377, 386 (3d Cir. 2020) (denial of a motion to amend was proper as it would have the effect of mooting existing motions to dismiss, require new briefing, and possibly a new oral argument).

Plaintiff has already had an opportunity to amend, and he offers no explanation as to why reasonable diligence could not have uncovered this information prior to filing his Amended Complaint.  Plaintiff undoubtedly knew in 2017 that the NFL permitted him to wear a protective eye shield following his injury and that he had been previously permitted to do so.  Yet, Plaintiff waited 4 years—and 10 months after the NFL's Motion to Dismiss was fully briefed—to introduce facts available to him years ago.  Plaintiff's lack of reasonable diligence should not be rewarded by allowing the clock to restart.

Allowing Plaintiff to assert new facts at this stage of the case would also unduly prejudice the NFL, who has already fully briefed its motion to dismiss *twice* and who would necessarily be prejudiced by further passage of time, loss of witnesses, and fading memories. *See Cureton*, 252 F.3d at 273 (holding that a party is unduly prejudiced if amendment would cause surprise or add cost in the preparation to defend against new facts or theories); *Rolo*, 155 F.3d at 655 (finding that duration of case and substantial effort and expense in resolving the motion to dismiss would constitute delay or prejudice). Plaintiff's unwarranted delay should not be excused.

## II. The "New" Evidence Confirms That Plaintiff's Claims Must Be Dismissed.

In any event, the "new facts" Plaintiff presents merely confirm that amendment would be futile and his claims must be dismissed. An "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988); *see also Foster v. Jet Aviation Flight Servs., Inc.*, No. CV 18-15767 (WJM), 2021 WL 651198, at *4 (D.N.J. Feb. 19, 2021) (denying in part plaintiff's request for leave to amend LAD claims where the proposed new allegations were "conclusory and don't allege sufficient facts, if accepted as true," to establish liability).

As explained in the NFL's Motion, Plaintiff's claims must be dismissed as preempted under the LMRA because they cannot be resolved without determining the parties' rights and obligations under the CBA, both with respect to whether the NFL owed (and breached) a duty of care to Plaintiff, and whether Plaintiff can establish a valid claim of disability discrimination in light of the Official Playing Rules applicable to his request to wear a face shield. *See* Mot. (ECF No. 26) at 7-16. In his supplemental opposition, Plaintiff argues that because the process for obtaining modifications to the equipment rules was followed and the NFL granted Plaintiff

7

approval to wear a protective shield each year he played, questions about who was responsible for making the request and what the process required are "moot." See Pl.'s Suppl. Opp'n (ECF No. 39) at 1-2. Therefore, according to Plaintiff, no CBA interpretation is required to resolve his claims.

      Plaintiff's attempt to explain why his "new" factual allegations eliminate the need to interpret the CBA only reinforces that his claims are subject to preemption. Plaintiff does not dispute that his claims directly implicate the NFL Uniform and Equipment Rules—in fact, he now details the process and respective roles of Plaintiff, the NFL, and the Jets for obtaining a modification to those rules. But the question of whether the NFL owed or breached a duty to Plaintiff when an equipment judge allegedly did not allow Plaintiff to play with the protective shield requires consideration of whether that refusal was justified by the rules themselves. Plaintiff cannot avoid preemption by declaring that these interpretive questions are "moot." Likewise, Plaintiff's state law disability discrimination claims are preempted because evaluation of the NFL's alleged discriminatory actions requires analysis of the NFL's conduct in following provisions of the CBA and the respective responsibilities of the various parties to seek approval for an accommodation under the CBA and Official Playing Rules. See ECF No. 26 at 13-16.

      Additionally, Plaintiff's new allegations, if true, are fatal to his failure-to-accommodate claim. To state a failure-to-accommodate claim, Plaintiff must plausibly allege he "requested accommodations or assistance for [his] disability," and his "employer made no good faith effort to assist." *Fitzgerald v. Shore Mem'l Hosp.*, 92 F. Supp. 3d 214, 237 (D.N.J. 2015). The NFL's approval of Plaintiff's request to wear a protective eye shield each year he played in the League plainly demonstrates that Plaintiff cannot show a lack of "good faith effort."

      Accordingly, any effort by Plaintiff to inject these "new" facts into his Amended Complaint should be rejected as futile.

### III. The New Jersey Supreme Court's Decision in *Richter* Does Not Save Plaintiff's Claims.

Plaintiff's assertion that the New Jersey Supreme Court's recent decision in *Richter v. Oakland Board of Education*, 246 N.J. 507 (2021) casts doubt on the NFL's Motion is equally unavailing.[2] In *Richter*, the Court affirmed the Appellate Division's determination that an adverse employment action was not a required element of a failure-to-accommodate claim and that the WCA's exclusive remedy provision did not bar the plaintiff's claim, which involved a bodily injury. *Id*. *Richter* does not, however, change the fact that Plaintiff's claims should be dismissed on the three grounds set forth in the NFL's Motion: (1) Plaintiff's state law claims are preempted by the LMRA (as explained above); (2) Plaintiff's negligence claim is barred by the WCA; and (3) Plaintiff has failed to state a claim for disability discrimination.

*Richter* does not impact Plaintiff's negligence claim, which plainly falls under the exclusivity provision of the WCA. Plaintiff cannot save his claim by relying on the "intentional wrong" exception to the WCA, as he fails to plausibly allege either that the NFL was "substantially certain" Plaintiff's injury would occur, or that the injury he sustained *while playing football* falls outside the broad scope of the WCA. Moreover, in his supplemental opposition, Plaintiff concedes that the NFL did approve his request to wear a protective shield for the 2017-2018 season, but "[u]nfortunately," that approval came four days after the game in which Plaintiff was injured. This is precisely the type of accidental workplace injury the WCA was intended to cover. *See* Mot. (ECF No. 26) at 16-19; *Evans v. Ariz. Cardinals Football Club, LLC*, 262 F. Supp. 3d 935, 942 (N.D. Cal. 2017).

The NFL does not dispute that under *Richter*, an adverse employment action is not required for a failure-to-accommodate claim under the LAD. However, *Richter* has no bearing

---

[2] It should be noted that Plaintiff already briefed the Appellate Division's opinion extensively in his Opposition. *See* Pl.'s Opp'n (ECF No. 30) at 17-20.

9

on Plaintiff's disability discrimination claim (Count One) and the fact that Plaintiff suffered no tangible adverse employment action as a result of the discrimination he alleges. *See* Mot. (ECF No. 26) at 21-22. Indeed, the Court in *Richter* acknowledged that denial of an accommodation is not an adverse employment action. *See Richter*, 246 N.J. at 530-31 (explaining that an employer may not escape LAD liability for failure to provide an accommodation "simply by declining to fire, demote, or take another form of adverse action against the employee.").

Finally, *Richter* does not alter the fact that Plaintiff has otherwise failed to state a failure to accommodate claim. *See* Mot. (ECF No. 26) at 22-23. Plaintiff has failed to plausibly allege (as he must) that he "requested accommodations or assistance for [his] disability," and that the NFL "made no good faith effort to assist." *Fitzgerald*, 92 F. Supp. 3d at 237 (D.N.J. 2015). As explained above, Plaintiff now concedes that the NFL approved his request to wear a protective eye shield each year he played in the league—hardly a lack of "good faith effort."

## CONCLUSION

For the foregoing reasons and as more fully set forth in the NFL's Motion, Plaintiff's procedurally improper request to introduce "new" facts, or alternatively to amend his complaint for a second time, should be denied and Defendant's Motion to Dismiss should be granted in its entirety.

Dated: September 7, 2021                                    Respectfully submitted,

                                                             */s/ Richard Hernandez*
                                                             Richard Hernandez

AKIN GUMP STRAUSS HAUER & FELD LLP          McCARTER & ENGLISH, LLP
Stacey R. Eisenstein (*Pro Hac Vice*)         Four Gateway Center
Nathan J. Oleson (*Pro Hac Vice*)             100 Mulberry Street
M. Elizabeth England (*Pro Hac Vice*)         P.O. Box 652
2001 K Street, NW, Washington, DC 20006       Newark, New Jersey 07101-0652
(202) 887-4000                                (973) 622-4444

*Attorneys for Defendants*

10